UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

|  |  |
|---|---|
| CUONG NGUYEN,<br><br>Plaintiff<br><br>v.<br><br>BAI YAN HU,<br><br>Defendant. | Case No. 3:25-cv-10356-JSC<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF COPYRIGHT OWNERSHIP, DECLARATORY JUDGMENT REGARDING UNAUTHORIZED COPYING AND EXPLOITATION, AND COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)** |

Plaintiff, Cuong Nguyen, ("Plaintiff"), hereby alleges as follows against Bai Yan Hu  ("Defendant").

**INTRODUCTION**

1.      Plaintiff brings this action to obtain judicial declarations confirming Plaintiff's ownership of the copyrighted works described below, to obtain relief for Defendant's unauthorized copying and exploitation of those works, and to prevent continued infringement through online storefronts and payment channels.

2.      Defendant is an online seller who operates a e-commerce storefront on Etsy, (the "Service Provider"). Through this storefront, Defendant promotes, advertises, distributes offers for sale, and sells merchandise bearing unauthorized copies of Plaintiff's copyrighted artwork ("Subject Works").

3.      Plaintiff has sent multiple Digital Millennium Copyright Act ("DMCA") notices to the Service Provider requesting removal of infringing listings.  Defendant has repeatedly reposted the infringing content after removal, and has used payment processors such as PayPal and Shopify Payments to continue facilitating infringing transactions.

4.      Plaintiff therefore seeks a judicial determination of Plaintiff's rights so that Service Providers will not reinstate infringing listings and so that Defendant cannot continue misappropriating Plaintiff's creative works.

5.      Plaintiff seeks declaratory relief regarding ownership and Defendant's unauthorized copying and exploitation and anticipates seeking discovery from  third party service providers as necessary to effect service and proceed with this action\.

## JURISDICTION AND VENUE

6.      This action arises under the Copyright Act, 17 U.S.C. §§ 101 et seq., and the Declaratory Judgment Act, 28 U.S.C. § 2201. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

7.      Defendants are subject to personal jurisdiction in California by virtue of their commercial activities purposefully directed toward consumers throughout California and the United States, including this District, by operating interactive online storefronts through which consumers can purchase infringing goods for shipment to California.

8.      Personal jurisdiction exists over Defendant in this District because Defendant has purposefully directed commercial activity to California residents, including residents of this District, by operating interactive online storefronts through which Defendant offers for sale and sells infringing goods shipped into this District.

9.      Venue is proper in this District under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(a), because a substantial part of the events giving rise to Plaintiff's claims occurred here. Pursuant to Local Rule 3-2(c), Intellectual Property Actions are assigned on a district-wide basis.

Bosland Law, PLLC

1916 Pike Place Ste 12 #1504
Seattle, WA 98101
(206) 289-0156

2

**PARTIES**

10.     Plaintiff is an individual residing in Hanoi, Vietnam.

11.     Plaintiff is an artist known for producing original artwork for children's toys.

12.     Plaintiff creates, markets, licenses, and sells artwork and uses his artwork to create children's toys, namely, felt "quiet" play books, sold through authorized retailers and online marketplaces in California and sells such products to consumers in this District through the Etsy® platform.

13.     Plaintiff invests substantial time, creative effort, and resources in developing a cohesive body of original artwork that has gained recognition among consumers for its distinctive expressive elements, including the characters, activities, and other features included in Plaintiff's toys.

14.     Defendant is an individual who operate an online storefros and seller account used to offer for sale and sell goods bearing unauthorized copies of Plaintiff's copyrighted Subject Works.  Defendant is identified by name, storefront name, seller handle, and online location:  Bai Yan Hu d/b/a SeraphinaStudioNZ, Storefront URL: https://www.etsy.com/shop/SeraphinaStudioNZ.

15.     Defendant operates highly interactive storefronts on Etsy.

16.     Defendant accepts U.S. currency, ships products to the United States, and targets consumers in California using online storefronts accessible 24 hours per day.

## THE SUBJECT WORKS AND HARM TO PLAINTIFF

17.    Plaintiff is the author and owner of exclusive rights under 17 U.S.C. § 106 in the following specific Subject Works:

| TITLE | REGISTRATION No. | IMAGE |
|---|---|---|
| Bear Adventure Quiet Book | VA0002469110 | |
| Wild Lion Quiet Book | VA0002469107 | |
| Fairy Theme Garden Quiet Book | VA0002469105 | |

Bosland Law, PLLC
1916 Pike Place Ste 12 #1504
Seattle, WA 98101
(206) 289-0156

4

| Berry Tale Quiet Book | VA0002468423 |  |
| --- | --- | --- |

18.     The Subject Works are registered with the United States Copyright Office. The registrations include: (i) Bear Adventure Quiet Book, Registration No. VA0002469110, effective date 2025-12-01; (ii) Wild Lion Quiet Book, Registration No. VA0002469107, effective date 2025-12-01; (iii), Fairy Theme Garden Quiet Book, Registration No. VA0002469105, effective date 2025-12-01, and (iv) Berry Tale Quiet Book, Registration No. VA0002468423, effective date 2025-07-27.  Certificates of Registration are  provided in Exhibit A.

19.     Plaintiff's works contain protectable expressive elements, including original artwork and composition, arrangement, stylistic motifs, character designs, color treatments, and other original features.

20.     Plaintiff sells goods through the Etsy® platform enabling direct-to-consumer online sales.

21.     Plaintiff's artwork has been favorably received by consumers and is known for its distinctive visual style, contributing to substantial goodwill and commercial value.

22.     Plaintiff's ability to control the quality and presentation of its artwork is essential to maintaining consumer trust and licensing opportunities.

23.     Unauthorized copying and sale of Plaintiff's artwork diminish the value of the Subject Works, create confusion, undermine authorized sales, and harm Plaintiff's goodwill.

## **DEFENDANTS' INFRINGING CONDUCT**

24.     Defendant copies, reproduces, distributes, displays, and sells unauthorized merchandise bearing exact or virtually identical copies of the Subject Works as evidenced in the listings identified in Exhibit B hereto.

25.     Defendant's infringing listings and products include unauthorized reproductions of the registered Subject Works identified above.

26.     Defendant's infringing products incorporate protectable expressive elements of the Subject Works, including the original artwork and composition, arrangement, subject expression, line work, and color schemes utilized in the Subject Works.

27.     Defendant's goods compete directly with Plaintiff's authorized goods sold through established channels.

28.     Defendant's actions are willful. Defendant continued to offer unauthorized products after receiving DMCA takedown notices and countering the same to repost the same infringing merchandise.

29.     Defendant's conduct causes consumer confusion regarding source, sponsorship, affiliation, and licensing of the goods.

30.     Defendant's unauthorized reproductions are often of inferior quality, further harming Plaintiff's reputation.

31.     Plaintiff has suffered and continues to suffer harm in the form of lost sales, loss of licensing opportunities, erosion of the exclusivity and value of the Subject Works, marketplace saturation, and harm to Plaintiff's goodwill

32.     Plaintiff has suffered harm in the form of lost sales, disruption of business operations, and unwarranted policy violation strikes assessed against Plaintiff's Etsy storefront as a result of bad-faith DMCA notice and takedown submissions.  Etsy determined that the takedown notice at issue was submitted in bad faith.  Although the takedown notice was submitted under a name different from Defendant's, Plaintiff

Bosland Law, PLLC

1916 Pike Place Ste 12 #1504
Seattle, WA 98101
(206) 289-0156

alleges on information and belief, based on the timing, subject matter, and coordinated nature of the enforcement activity, that the notice was submitted by or at the direction of persons acting in active concert or participation with Defendant.

33. Plaintiff has expended significant resources monitoring infringing listings, issuing DMCA takedowns, and investigating Defendant's online storefronts.

34. Without a judicial declaration, Service Providers may reinstate infringing listings or decline to honor future DMCA notices.

## FIRST CLAIM FOR RELIEF
### Declaratory Judgment of Copyright Ownership (28 U.S.C. § 2201)

35. Plaintiff re-alleges and incorporates by reference the allegations above a as though fully set forth.

36. Plaintiff owns exclusive rights under 17 U.S.C. § 106 in the Subject Works, including US Copyright Office registrations in the Subject Works.

37. An actual controversy exists concerning Plaintiff's ownership because Defendant exploits the Subject Works without authorization and challenges or ignores Plaintiff's ownership claims.

38. Plaintiff seeks a judicial declaration confirming Plaintiff's ownership of the Subject Works.

39. This declaratory relief is sought to clarify the parties' rights as to the Subject Works generally.

## SECOND CLAIM FOR RELIEF
### Declaratory Judgment Regarding Violation of Plaintiff's Exclusive Rights Under 17 U.S.C. § 106 (28 U.S.C. § 2201)

40. Plaintiff re-alleges and incorporates by reference the allegations above as though fully set forth.

41.    An actual controversy exists regarding whether Defendant has reproduced, displayed, distributed, and sold copies of the Subject Works without Plaintiff's authorization and in violation of Plaintiff's exclusive rights.

42.    Defendant's conduct violates Plaintiff's exclusive rights under 17 U.S.C. § 106, giving rise to an actual controversy appropriate for declaratory relief.

43.    Defendant's conduct violates Plaintiff's exclusive rights under 17 U.S.C. § 106, giving rise to an actual controversy appropriate for declaratory relief.

44.    Plaintiff seeks a judicial declaration that Defendant has violated Plaintiff's exclusive rights in the Subject Works by reproducing, displaying, distributing, offering for sale, and selling unauthorized copies.

### THIRD CLAIM FOR RELIEF
**Copyright Infringement (17 U.S.C. §§ 106 and 501)**
**(Registered Subject Works Only)**

45.    Plaintiff re-alleges and incorporates by reference the allegations above as though fully set forth.

46.    Plaintiff is the owner of valid, registered copyrights in the Subject Works.

47.    Defendant, without authorization, has reproduced, displayed, distributed, offered for sale, and sold unauthorized copies of the Subject Works, including by using images of the Subject Works in online listings and by selling goods bearing copies of the Subject Works.

48.    Defendant's acts constitute infringement of Plaintiff's exclusive rights under 17 U.S.C. § 106, actionable under 17 U.S.C. § 501.

49.    Plaintiff has been damaged by Defendant's infringement and is entitled to recover remedies available under the Copyright Act, including injunctive relief, actual damages and profits, statutory damages where available, and attorneys' fees and costs where available.

Bosland Law, PLLC
1916 Pike Place Ste 12 #1504
Seattle, WA 98101
(206) 289-0156

Exhibit A contains registration details for Subject Works available in the United States Copyright Office public catalog.

### **PRAYER FOR RELIEF**

Plaintiff respectfully requests that the Court enter judgment in Plaintiff's favor and award the following relief:

A.    A declaration that Plaintiff owns valid copyrights in the Subject Works.

B.    A declaration that Defendant has violated Plaintiff's exclusive rights in the Subject Works by reproducing, displaying, distributing, offering for sale, and selling unauthorized copies of the Subject Works.

C.    With respect to the Subject Works, judgment in Plaintiff's favor for copyright infringement under 17 U.S.C. § 501.

D.    Permanent injunctive relief prohibiting Defendant from further infringing the Subject Works and requiring the removal of infringing listings from online marketplaces and service providers.

E.    Permanent injunctive relief prohibiting Defendant, and all persons acting in active concert or participation with Defendant, including but not limited to affiliated shops, aliases, or successor entities from knowingly filing, submitting, or facilitating false, misleading, or bad-faith intellectual property infringement notices, takedown requests, or similar enforcement communications directed at Plaintiff's products or storefronts on Etsy or any other e-commerce platform or third-party service provider.

F.    An award of Plaintiff's actual damages and Defendant's profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), or statutory damages to the extent permitted by law, pursuant to 17 U.S.C. § 504(c).

G.    An enhancement of all awarded damages due to the willful nature of such infringement, to the extent permitted by law, pursuant to 17 U.S.C. § 504(c)(2).

H.    An award of attorneys' fees and costs to the extent permitted by law, pursuant to 17 U.S.C. § 505.

I.    Any other and further relief the Court deems just and proper.

Date: January 5, 2026

By:    Respectfully Submitted,

/s/ Nate A. Garhart

Nate A. Garhart, Esq.
Spencer West US, LLP
505 Montgomery St., Suite 1100
San Francisco, CA 941111
nate.garhart@spencer-west.com

415 323-5354

*Attorney for Plaintiff, Cuong Nguyen*