UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CUONG NGUYEN,

        Plaintiff,

    v.

BAI YAN HU,

        Defendant.

Case No.  25-cv-10356-JSC

**ORDER GRANTING PLAINTIFF'S RENEWED MOTION FOR AUTHORIZATION OF ALTERNATIVE SERVICE**

Re: Dkt. No. 18

Plaintiff, a resident of Vietnam, brings copyright claims against an individual who runs an online storefront.  (Dkt. No. 11.)  Before the Court is Plaintiff's renewed motion for authorization of alternative service.  (Dkt. No. 18.)  The Court denied Plaintiff's previous motion for alternative service because the motion requested authorization to serve mis-joined defendants. (Dkt. No. 15.) Following Plaintiff's filing of an amended complaint, the instant motion requests authorization to serve the sole defendant, a resident of New Zealand. (Dkt. No. 18.)  For the reasons set forth below, the Court GRANTS Plaintiff's motion and authorizes service of the Summons and Complaint by a professional process server to Defendant's physical address in New Zealand and supplemental service to Defendant's email address.

## DISCUSSION

Federal Rule of Civil Procedure 4(f)(3) authorizes service "at a place not within any judicial district of the United States … by other means not prohibited by international agreement, as the court orders."  Fed. R. Civ. P. 4(f)(3).  "As obvious from its plain language, service under Rule (4)(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement. No other limitations are evident from the text."  *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002).  "Service of process under Rule 4(f)(3) is neither a last resort nor

United States District Court
Northern District of California

extraordinary relief. It is merely one means among several which enables service of process on an international defendant." *Id.* (cleaned up).  Additionally, "[e]ven if facially permitted by Rule 4(f)(3) … the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* at 1016–17 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).)

Here, Plaintiff's proposed methods of service are not prohibited by an international agreement.  Plaintiff contends "no international service treaty or other international agreement governing service of process between the United States and New Zealand applies to this action." (Dkt. No. 18-2 ¶ 12.)  For example, New Zealand is not a signatory to the relevant Hague Convention on foreign service of judicial documents.[1]  So, this requirement of Rule 4(f)(3) is met.

Additionally, service by a professional process server and supplemental service by email is "reasonably calculated … to apprise [Defendant] of the pendency of the action and afford them an opportunity to present their objections." *Mullane*, 339 U.S. at 314.  In response to Plaintiff's copyright takedown request, Defendant "submitted a DMCA counter-notification to an online service provider … pursuant to 17 U.S.C. § 512(g)(3)." (Dkt. No. 18-2 ¶¶ 7-8.)  The statute governing counter-notifications requires the "subscriber" (that is, the author of the counter-notification) include:

> The subscriber's name, address, and telephone number, and a statement that the subscriber consents to the jurisdiction of Federal District Court for the judicial district in which the address is located, or if the subscriber's address is outside of the United States, for any judicial district in which the service provider may be found, and that the subscriber will accept service of process from the person who provided notification [to the service provider.]

17 U.S.C. § 512(g)(3)(D).  In accordance with the statutory requirement, Defendant's counter-

---

[1] *See* "Status Table," Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, available at https://www.hcch.net/en/instruments/conventions/status-table/?cid=17.  Although "courts are divided on the precise effect of the Hague Convention, if any, on any applicable service under Rule 4(f)(3)," *Amazon.com, Inc. v. Tian*, 2022 WL 486267, at *3 (W.D. Wash. Feb. 17, 2022), the fact New Zealand has not signed the Convention supports Plaintiff's position there is no applicable treaty governing service of process.

notification "affirmatively provided[] a physical mailing address in New Zealand[] and an active email address for contact." (Dkt. No. 18-2 ¶ 9.) Presumably, Defendant also stated they "will accept service of process" from Plaintiff, as required by the statute. *See* 17 U.S.C. § 512(g)(3)(D). Accordingly, Plaintiff's proposal to use the physical and email address for service of process is "reasonably calculated" to apprise Defendant of the action and afford Defendant an opportunity to respond. *Mullane*, 339 U.S. at 314.

**CONCLUSION**

For the reasons set forth above, the Court grants Plaintiff's motion and, under Federal Rule of Civil Procedure 4(f)(3), authorizes service of process to Defendant "by (1) personal service at Defendant's known New Zealand address through a professional process server and (2) supplemental service by email to the email address Defendant affirmatively provided under penalty of perjury in a DMCA counter-notice." (Dkt. No. 18-1 at 1.)

This Order disposes of Docket No. 18.

**IT IS SO ORDERED.**

Dated: February 24, 2026

JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California

3