UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CUONG NGUYEN,

          Plaintiff,

    v.

BAI YAN HU,

          Defendant.

Case No. 25-cv-10356-JSC

**ORDER TO PLAINTIFF TO SHOW CAUSE RE: PERSONAL JURISDICTION**

Plaintiff Cuong Nguyen alleges Defendant Bai Yan Hu sells products online that infringe upon Plaintiff's copyrighted works.  (Dkt. No. 11.)[1]  Plaintiff's motion for default judgment is now pending before the Court.  (Dkt. No. 33.)  Because Plaintiff has not yet satisfied his burden of establishing a prima facie showing of personal jurisdiction, the Court orders Plaintiff to show cause as to how Defendant is subject to personal jurisdiction in California.

**BACKGROUND**

**A.  Plaintiff's Allegations and Evidence**

Plaintiff Cuong Nguyen is an artist and current resident of Hanoi, Vietnam.  (Dkt. No. 11 ¶¶ 10-11.)  He "creates, markets, licenses, and sells artwork and uses his artwork to create children's toys, namely, felt 'quiet' play books[.]"  (*Id.* ¶ 12.)  Plaintiff sells these books "through authorized retailers and online marketplaces in California[,]" including through Etsy.  (*Id.*)

Plaintiff is also "the author and owner of exclusive rights under 17 U.S.C. § 106" of several "Subject Works" that are registered with the United States Copyright Office.  (*Id.*  ¶¶ 17-18.)  These works are entitled Bear Adventure Quiet Book, Registration No. VA0002469110;

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

Wild Lion Quiet Book, Registration No. VA0002469107; Fairy Theme Garden Quiet Book, Registration No. VA0002469105; and Berry Tale Quiet Book, Registration No. VA0002468423. (*Id.*)

Defendant Bai Yan Hu, a resident of Auckland, New Zealand, "operates a [*sic*] e-commerce storefront on Etsy," which he uses to "promote[], advertise[], distribute[] offers for sale, and sell[] merchandise bearing unauthorized copies of Plaintiff's copyrighted artwork[.]" (*Id.* ¶ 2.)  Plaintiff identifies several Defendant Etsy listings which reproduce each of Plaintiff's copyrighted works under the seller name "SeraphinaStudioNZ."  (Dkt. No. 33-2 ¶ 8; *see* Dkt. No. 33-10 at 1-3.)  After seeing these listings, Plaintiff issued "takedown notices" to Etsy pursuant to the Digital Millenium Copyright Act ("DMCA").  (Dkt. No. 33-2 ¶¶ 8-9.)  Defendant "repeatedly reposted the infringing content after removal" of infringing listings following Plaintiff's takedown notices, (Dkt. No. 11 ¶ 3), and Defendant submitted "false" DMCA counter-notifications to Etsy requesting those listings be reinstated.  (Dkt. No. 33-2 ¶ 10.)

Plaintiff's Amended Complaint requests "judicial declarations confirming Plaintiff's ownership of the copyrighted [Subject Works,]" "[p]ermanent injunctive relief prohibiting Defendant from further infringing the Subject Works and requiring the removal of infringing listings from online marketplaces and service provides[,]" and "[p]ermanent injunctive relief prohibiting Defendant, and all persons acting in active concert with Defendant," from knowingly submitting bad-faith intellectual property infringement notices aimed at Plaintiff's products on Etsy or other service providers."  (Dkt. No. 11 ¶ 1; Prayers D, E.)  Plaintiff also demands an award of "actual damages and Defendant's profits attributable to the infringement," an "enhancement of all awarded damages due to the willful nature of such infringement," and an "award of attorneys' fees and costs to the extent permitted by law[.]"  (*Id.* Prayers F, G, H.)

### B.  Procedural History

Plaintiff initially sued several defendants alleging copyright infringement.  (Dkt. No. 1.) The defendants' names were listed on a sealed document entitled Schedule A.  (Dkt. No. 3-3.) The Court ordered Plaintiff to show cause as to why joinder of defendants was proper under Federal Rule of Civil Procedure 20.  (Dkt. No. 9.)  Plaintiff subsequently filed an Amended

United States District Court
Northern District of California

Complaint naming only Bai Yan Hu as the defendant, again alleging copyright infringement. (Dkt. No. 11.) Plaintiff moved for authorization to use an alternative method to serve the Summons and Amended Complaint on Defendant, which the Court granted. (Dkt. Nos. 18, 19.)

Following Defendant's failure to respond to the Amended Complaint, Plaintiff twice moved for entry of default judgment, which the clerk declined for failure to provide proof of service of the Summons and Amended Complaint. (Dkt. Nos. 24, 25, 28, 29.) Once Plaintiff filed proof of service on Defendant, he moved for entry of default judgment a third time and the clerk entered default. (Dkt. Nos. 30, 31, 32.) Plaintiff then filed the pending motion for default judgment against Defendant. (Dkt. No. 33.)

**DISCUSSION**

A district court "has an affirmative duty" to determine whether it has personal jurisdiction over the defendant before entering a default judgment. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). To assess whether the plaintiff has made a prima facie showing of personal jurisdiction, "[w]ell-pleaded allegations are taken as admitted on a default judgment." *Benny v. Pipes*, 799 F.2d 489, 495 (9th Cir. 1986) (citations omitted). But "a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (citations and quotations omitted). Thus, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (citations omitted).

Plaintiff asserts this Court has specific personal jurisdiction over Defendant under the "minimum contacts" test, citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004), *Calder v. Jones*, 465 U.S. 783, 789-90 (1984), and *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011). Plaintiff relies on the Ninth Circuit's three-prong test for specific jurisdiction over a non-resident defendant: "(1) the defendant must purposefully direct activities at the forum or purposefully avail himself of the privilege of conducting activities in the forum; (2) the claim must arise out of or relate to those activities; and (3) exercise of jurisdiction must be reasonable." (Dkt. No. 33 at 12 (citing *Schwarzenegger*, 374 F.3d at 802).) For the first prong, Plaintiff asserts the purposeful direction test, which is also

3

known as the "effect test" from *Calder v. Jones*, applies for "tort and intentional-tort-like claims, including copyright infringement[.]" (*Id.* (citing *Calder*, 465 U.S. at 789-90; *Mavrix Photo, Inc.*, 647 F.3d at 1228.)) The purposeful direction test requires a plaintiff to show the defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Mavrix Photo, Inc.*, 647 F.3d at 1228 (citations omitted).

Plaintiff's personal jurisdiction argument, which relies entirely on *Mavrix*, has not satisfied his prima facie burden.

### A. "Intentional Act"

Plaintiff first alleges Defendant "operat[ed] an interactive Etsy storefront accessible to and used by California consumers; . . . accept[ed] U.S. currency; and . . . shipp[ed] infringing goods into California." (Dkt. No. 11 ¶¶ 7-8, 15-16; Dkt. No. 33 at 13.) So, Plaintiff has met his burden of alleging Defendant committed an intentional act.

### B. "Expressly Aiming"

As for the second element of the purposeful direction test, Plaintiff contends Defendant targeted California by "operating an interactive Etsy storefront accessible to and used by California consumers; [and] . . . shipping infringing goods into California." (Dkt. No. 11 ¶¶ 7-8, 15-16; Dkt. No. 33 at 13.) *Mavrix*, again, the sole case upon which Plaintiff relies, held "operating even a passive website in conjunction with 'something more'—conduct directly targeting the forum—is sufficient." *Mavrix Photo, Inc.*, 647 F.3d at 1229 (citations omitted). "Something more" may include "the interactivity of the defendant's website, . . . the geographic scope of the defendant's commercial ambitions, . . . and whether the defendant 'individually targeted' a plaintiff known to be a forum resident[.]" *Id.* (cleaned up). This "something more" was satisfied in *Mavrix* because of the non-resident defendant's "exploitation of the California market for its own commercial gain" even though the record did not, for example, "show that [the defendant] marketed its website in California local media." *Id.* at 1229-30. In particular, the defendant "operated a very popular website with a specific focus on the California-centered celebrity and entertainment industries" and a "substantial number of hits to [the defendant's] website came from

United States District Court
Northern District of California

California residents[,]" which supported the inference the defendant "anticipated, desired, and achieved a substantial California viewer base." *Id.* at 1230.

Such California contacts are not alleged here. Unlike the "substantial number of hits" in *Mavrix*, Plaintiff does not allege estimates or examples of Defendant's California customers or shipments. *Id.* at 1230. Nor does Plaintiff specify Etsy's connection with California, except that Etsy is "accessible" in California; since Etsy is a website, presumably Etsy is accessible anywhere there is internet access. So, Plaintiff has not alleged facts that satisfy his prima facie burden of showing Defendant expressly aimed his intentional conduct at California.

### C. "Foreseeable Harm"

Plaintiff's motion for default judgment claims "Defendant's infringement of a U.S.-registered copyright owned by a plaintiff who litigates in this District causes harm Defendant knew was likely to be felt in California, where Etsy maintains a substantial commercial presence and where Plaintiff's U.S. customers are concentrated." (Dkt. No. 33 at 13.) But the Amended Complaint does not allege that Plaintiff's U.S. customers are concentrated in California, let alone any facts that support an inference Plaintiff's U.S. customers are actually concentrated in California. Nor does the Amended Complaint allege Etsy has a substantial commercial presence in California, let alone facts that explain what is meant by a substantial commercial presence. And the motion for default judgment does not include evidence of such facts. Plaintiff cannot meet his personal jurisdiction burden by putting unsupported statements in a brief. So, Plaintiff has not shown foreseeable harm in California.

In *Mavrix,* for example, the court held the "economic loss caused by the intentional infringement of a plaintiff's copyright is foreseeable." *Mavrix Photo, Inc.*, 647 F.3d at 1231. A "substantial part of the [infringing] photos' value was based on the fact that a significant number of Californians would have bought publications . . . in order to see the [infringing] photos." *Id.* at 1231-32. No similar allegations are made here that would support a jurisdictional connection between Plaintiff's harm and the forum state. Further, that Plaintiff, a resident of Vietnam, happens to "litigate[] in this District" (Dkt. No. 33 at 13), is also insufficient to show foreseeable harm. Again, this allegation is not in the Amended Complaint. But, in any event, Plaintiff does

United States District Court
Northern District of California

5

not explain how "litigating" in California shows foreseeable harm to Plaintiff in California. *Mavrix* does not support that it does. And the Court does not understand how it has relevance to foreseeable harm in this state.

**CONCLUSION**

For the above reasons, Plaintiff has not met his prima facie burden of showing this Court has personal jurisdiction over this action brought by a Vietnam resident against a New Zealand resident. Relying solely on *Mavrix* with the bare facts alleged here is insufficient. So, Plaintiff is ORDERED TO SHOW CAUSE why this lawsuit should not be dismissed without prejudice for lack of personal jurisdiction. Plaintiff's response shall be filed by **July 28, 2026**. The July 10, 2026 hearing on Plaintiff's motion for default judgment is VACATED.

**IT IS SO ORDERED.**

Dated: July 8, 2026

JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California