# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CUONG NGUYEN, | Case No.: 3:25-cv-10356-JSC |
| Plaintiff(s), | PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE RE: PERSONAL JURISDICTION |
| v. | |
| BAI YAN HU, | (Dkt. No. 39) |
| | Judge: Hon. Jacqueline Scott Corley |
| Defendant(s). | |

## PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE RE: PERSONAL JURISDICTION

Plaintiff Cuong Nguyen respectfully submits this Response to the Court's July 8, 2026 Order to Show Cause (Dkt. No. 39, the "OSC"), and in support states as follows.

## I. INTRODUCTION

The OSC correctly observes that Plaintiff's Motion for Default Judgment and Permanent Injunction (Dkt. No. 33) relied exclusively on a California-specific theory of specific personal jurisdiction under Calder v. Jones, 465 U.S. 783 (1984), and Mavrix Photo, Inc. v. Brand Techs., Inc., 647 F.3d 1218 (9th Cir. 2011), and correctly found that theory unsupported because the record does not allege or evidence California-specific customers,

shipments, or a California-concentrated market. Plaintiff does not ask the Court to revisit that finding.

Plaintiff instead supplements the record with an independent and sufficient basis for personal jurisdiction not previously presented to the Court: Federal Rule of Civil Procedure 4(k)(2), the federal long-arm provision "establish[ed] in response to the Supreme Court's suggestion that the rules be extended to cover persons who do not reside in the United States, and have ample contacts with the nation as a whole, but whose contacts are so scattered among states that none of them would have jurisdiction." Lang Van, Inc. v. VNG Corp., 40 F.4th 1034, 1042 (9th Cir. 2022) (quoting ISI Int'l, Inc. v. Borden Ladner Gervais LLP, 256 F.3d 548, 551 (7th Cir. 2001)). Under Rule 4(k)(2), the very facts the OSC found insufficient to support a California-specific showing — a nationally accessible Etsy storefront, U.S.-currency pricing, and unrestricted shipping into the United States — supply the basis for jurisdiction, because Rule 4(k)(2) substitutes the United States as a whole for the forum state in the purposeful-direction analysis. Id. at 1043-44.

Plaintiff also submits, as corroborating (but not independently dispositive) support, evidence of Defendant's own sworn consent to federal jurisdiction, given as part of a DMCA counter-notification under 17 U.S.C. § 512(g)(3)(D). This Court has previously recognized that such consent independently supports personal jurisdiction over a counter-noticing party. Viral DRM LLC v. YouTube Uploaders Listed on Schedule A, No. 3:23-cv-05594-JSC, Dkt. No. 33 (N.D. Cal. Jan. 17, 2024) (Corley, J.). Plaintiff addresses below why that consent has probative value here even though the named service provider, Etsy, Inc., is headquartered outside this District.

Filed concurrently herewith are the Second Supplemental Declaration of David Bosland ("Second Bosland Decl.") and Plaintiff's Request for Judicial Notice.

## II. LEGAL STANDARD

A district court has "an affirmative duty" to determine whether it has personal jurisdiction over a defendant before entering default judgment. In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999). Well-pleaded allegations are taken as admitted on default, Benny v. Pipes, 799 F.2d 489, 495 (9th Cir. 1986), but a defendant does not thereby admit conclusions of law or facts that are not well-pleaded, DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007), and "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default," Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992). Plaintiff accordingly supports each new factual assertion below with the Second Bosland Decl. and Request for Judicial Notice, rather than argument alone.

## III. ARGUMENT

### A.    This Court Has Personal Jurisdiction Over Defendant Under Federal Rule of Civil Procedure 4(k)(2).

Rule 4(k)(2) authorizes personal jurisdiction over a foreign defendant where (1) the claim arises under federal law; (2) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (3) the exercise of jurisdiction is consistent with the United States Constitution and laws. Holland Am. Line Inc. v. Wärtsilä N. Am., Inc., 485 F.3d 450, 461-62 (9th Cir. 2007); Lang Van, 40 F.4th at 1043. Plaintiff bears the burden on the first two elements; the burden then shifts to Defendant to show that jurisdiction would be

unreasonable. Lang Van, 40 F.4th at 1043 (citing Washington Shoe Co. v. A-Z Sporting Goods Inc., 704 F.3d 668, 672 (9th Cir. 2012)). The due process analysis under Rule 4(k)(2) is "nearly identical to the traditional personal jurisdiction analysis with one significant difference: rather than considering contacts between the [defendant] and the forum state, [the Court] consider[s] contacts with the nation as a whole." Holland Am. Line, 485 F.3d at 462.

**1.      The Claim Arises Under Federal Law.**

This is a copyright infringement action under the Copyright Act, 17 U.S.C. §§ 101 et seq., asserting claims for declaratory relief and infringement under 17 U.S.C. §§ 106, 501, and 502. (First Amended Complaint ("FAC"), Dkt. No. 11.) The first element is satisfied. Lang Van, 40 F.4th at 1043 (first element met because "the case involved copyright infringement, a claim under federal law").

**2.      Defendant Is Not Subject to General Jurisdiction in Any State.**

Defendant is an individual residing at 67 Riddell Road, Glendowie, Auckland 1071, New Zealand. (FAC ¶ 14.) Diligent inquiry by Plaintiff's counsel has revealed no indication that Defendant is domiciled, incorporated, registered to do business, or otherwise has continuous and systematic contacts with any single U.S. state. (Second Bosland Decl. ¶ 4.) Because Defendant has defaulted, he has made no "statement . . . that [he] is subject to the courts of general jurisdiction in another state," and on that basis "the second requirement of Rule 4(k)(2) is met." Holland Am. Line, 485 F.3d at 462 (quoting ISI Int'l, 256 F.3d at 551); accord Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co., 284 F.3d 1114, 1125 (9th Cir. 2002) (defendant opposing Rule 4(k)(2) jurisdiction bears the burden

of identifying an alternative forum where suit could have proceeded). The second element is satisfied.

### 3.	The Exercise of Jurisdiction Is Consistent with Due Process.

As under the traditional Schwarzenegger framework the OSC applied, the due-process element of Rule 4(k)(2) itself has three parts — purposeful availment/direction, arising-out-of, and reasonableness — except each is assessed against the United States as a whole rather than any single state. Lang Van, 40 F.4th at 1043 (citing Washington Shoe Co., 704 F.3d at 672, and Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). Plaintiff addresses each in turn.

**a.	Purposeful Availment of, and Direction at, the United States.** For claims sounding in tort, including copyright infringement, this element is analyzed under the Calder effects test: whether the defendant (i) committed an intentional act, (ii) expressly aimed at the forum, (iii) causing harm the defendant knew was likely to be suffered in the forum — applied here to the United States as a whole. Lang Van, 40 F.4th at 1043 (citing Axiom Foods, Inc. v. Acerchem Int'l, Inc., 874 F.3d 1064, 1069 (9th Cir. 2017)); Calder, 465 U.S. at 787-89.

*(i)	Intentional Act.* The Court has already found — and Plaintiff does not ask it to revisit — that Defendant committed an intentional act by "operat[ing] an interactive Etsy storefront accessible to and used by California consumers . . . accept[ing] U.S. currency; and . . . shipp[ing] infringing goods into California." (OSC at 4 (Dkt. No. 39) (quoting FAC ¶¶ 7-8, 15-16).) That same conduct, directed at the United States market as a whole rather than any single state, satisfies the intentional-act element without modification.

*(ii)*    ***Expressly Aimed at the United States.***  Under Rule 4(k)(2), the "expressly aimed" inquiry asks whether the defendant's conduct was purposefully directed at the United States as a whole. Lang Van, 40 F.4th at 1044-46. Defendant's Etsy storefront was, by design, nationally accessible to United States consumers, priced in U.S. dollars, and shipped without geographic restriction into the United States. (FAC ¶¶ 7-8, 15-16; Nguyen Decl. ¶ 8.) Defendant did not geoblock or otherwise restrict U.S. access to the storefront, and repeatedly reposted infringing listings into the U.S. market after receiving DMCA takedown notices. (Nguyen Decl. ¶¶ 9-10.) Defendant also affirmatively invoked the U.S. federal court system by submitting a sworn DMCA counter-notification consenting to federal jurisdiction. (Second Bosland Decl. ¶ 5, Ex. G.) These facts closely track those the Ninth Circuit found sufficient in Lang Van, where a foreign defendant's decision not to geoblock U.S. users, combined with substantial U.S. distribution of infringing content, satisfied the express-aiming requirement at the national level notwithstanding the defendant's primary focus on a foreign market. 40 F.4th at 1044-47; see also id. at 1046 (a defendant's "failure to implement [access] restrictions, coupled with its substantial U.S. business, provides an objective measure of its intent to serve customers in the U.S. market" (quoting Plixer Int'l, Inc. v. Scrutinizer GmbH, 905 F.3d 1, 9 (1st Cir. 2018))). Unlike AMA Multimedia, LLC v. Wanat, 970 F.3d 1201 (9th Cir. 2020), where the operator did not itself upload the infringing content and U.S. traffic was negligible, Defendant here personally created, listed, and repeatedly reposted the infringing listings himself. (Nguyen Decl. ¶¶ 8-10.)

*(iii)*    ***Harm Known to Be Suffered in the United States.***  "[T]he economic loss caused by the intentional infringement of a plaintiff's copyright is foreseeable." Mavrix, 647 F.3d

at 1231. Defendant infringed copyrights registered with the United States Copyright Office (Nguyen Decl. ¶¶ 5-6, Ex. A) — registrations that have legal effect only within the United States — through repeated sales into the U.S. market notwithstanding multiple DMCA takedown notices. (Nguyen Decl. ¶¶ 8-10.) Harm to a U.S. copyright holder from the sale of infringing goods into the U.S. market is precisely the harm a defendant "knows is likely to be suffered" in the United States, regardless of which state ultimately absorbs the loss. See Lang Van, 40 F.4th at 1047-48 (harm to a domestic copyright holder from unauthorized U.S. distribution satisfies this element at the national level).

**b.      The Claim Arises Out of Defendant's U.S.-Directed Activities.** The second due-process element asks whether Plaintiff's claims would have arisen "but for" Defendant's forum-related — here, U.S.-directed — conduct. Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1322 (9th Cir. 1998). They plainly would not have. Plaintiff's claims for copyright infringement and declaratory relief arise directly from Defendant's reproduction, distribution, and sale of goods bearing unauthorized copies of the Subject Works through the very Etsy storefront described above — the storefront that accepted U.S. currency, shipped into the United States, and was the subject of Defendant's own DMCA counter-notification. (FAC ¶¶ 24-28; Nguyen Decl. ¶¶ 8-10.) But for that U.S.-directed conduct, Plaintiff would have no claim against Defendant in any U.S. forum. This element is satisfied.

**c.      The Exercise of Jurisdiction Is Reasonable.** Once Plaintiff has made the required showing on the first two elements, the burden shifts to Defendant to show that jurisdiction would be unreasonable. Lang Van, 40 F.4th at 1043. Defendant, in default, has made no such showing and has identified no more suitable forum. In any event, the relevant factors

favor jurisdiction: Defendant, having voluntarily invoked U.S. federal process through his own sworn DMCA counter-notification (Second Bosland Decl. ¶ 5, Ex. G), can claim no unfair surprise in defending a U.S. federal copyright suit; New Zealand has no sovereign interest in shielding conduct that infringes a U.S.-registered copyright through sales knowingly directed into the United States; the United States has a substantial interest in adjudicating infringement of U.S.-registered copyrights; and no alternative forum has been identified or would be more efficient, particularly given the extensive record already developed in this action.

**B.      Defendant's Sworn DMCA Counter-Notification Provides Additional, Corroborating Support.**

Under 17 U.S.C. § 512(g)(3)(D), a DMCA counter-notification is effective only if the subscriber includes "a statement that the subscriber consents to the jurisdiction of Federal District Court for the judicial district in which the address is located, or if the subscriber's address is outside of the United States, for any judicial district in which the service provider may be found." This Court has held that such consent independently satisfies a plaintiff's threshold burden of establishing personal jurisdiction over a counter-noticing defendant. Viral DRM LLC v. YouTube Uploaders Listed on Schedule A, No. 3:23-cv-05594-JSC, Dkt. No. 33, at 2 (N.D. Cal. Jan. 17, 2024) (counter-notices containing the statutory consent language were "sufficient to meet Plaintiff's threshold burden to establish the Court's personal jurisdiction").

On November 19, 2025, Defendant submitted a sworn counter-notification to Etsy, under penalty of perjury, using the same email address (SeraphinaStudio0602@outlook.com)

through which Defendant was later served by email and through which Defendant replied acknowledging this action. (Second Bosland Decl. ¶ 5, Ex. G; Bosland Decl. ¶¶ 7, 9, Ex. C.) The counter-notification states: "I consent to the jurisdiction of Federal Court for the judicial district in which I am located, or if my address is outside of the United States, for any judicial district in which Etsy is located, and that I will accept service of process from the person who provided the original notification or an agent of such person." (Second Bosland Decl. ¶ 5, Ex. G.)

Plaintiff acknowledges that Etsy, Inc.'s designated DMCA agent address is in Brooklyn, New York, within the Eastern District of New York, and does not contend that this consent, standing alone, establishes venue in this District. (Second Bosland Decl. ¶ 6, Ex. H.) Plaintiff submits it here for two narrower, corroborating purposes. First, it independently confirms Defendant's purposeful availment of the United States legal system as a whole — Defendant voluntarily and knowingly invoked the protections of federal law under penalty of perjury — directly relevant to the Rule 4(k)(2) analysis above. Second, the statutory text reaches "any judicial district in which the service provider may be found," 17 U.S.C. § 512(g)(3)(D) (emphasis added), a term broader than Etsy's own paraphrase of its principal address. In As You Sow v. Etsy, Inc., No. 3:24-cv-04203-MMC (N.D. Cal.), this Court entered a Consent Judgment on May 2, 2025 in which Etsy itself stipulated that "the Northern District of California has jurisdiction as to the allegations contained in the Action . . . [and] that venue is proper in the Northern District of California." (Second Bosland Decl. ¶ 7, Ex. I (Consent Judgment § 1.7).) Etsy was also sued in this District in White v. Etsy, Inc., No. 4:25-cv-05644 (N.D. Cal.), from July 2025 until the action was voluntarily dismissed with prejudice on October 22, 2025 — three weeks before Etsy's

extended November 14, 2025 deadline to respond to the complaint, and before Etsy filed any answer or motion of any kind. (Request for Judicial Notice, Exs. 2-3.) Plaintiff offers this only as additional, corroborating support and does not rest its jurisdictional showing on this ground alone.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiff respectfully submits that this Court has personal jurisdiction over Defendant under Federal Rule of Civil Procedure 4(k)(2), and requests that the Court so find, discharge the Order to Show Cause, and reinstate a hearing on Plaintiff's Motion for Default Judgment and Permanent Injunction (Dkt. No. 33).

Dated: July 21, 2026

Respectfully submitted,

/s/ David Bosland

David Bosland, Esq.

WA Bar 47992

(appearing pro hac vice)

Bosland Law, PLLC

1916 Pike Place Ste 12 #1504

Seattle, WA 98101

david@bosland.law

206 289-0156

Attorney for Plaintiff, Cuong Nguyen