United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CUONG NGUYEN,

Plaintiff,

v.

BAI YAN HU,

Defendant.

Case No. 25-cv-10356-JSC

**ORDER OF DISMISSAL FOR LACK OF PERSONAL JURISDICTION**

Re: Dkt. Nos. 33, 40

Plaintiff alleges Defendant sells products online that infringe upon Plaintiff's copyrighted works. (Dkt. No. 11.)[1] After Defendant's default was entered, Plaintiff moved for a default judgment. (Dkt. No. 33.) In response to the motion, the Court concluded Plaintiff had not met his burden of establishing a prima facie showing of personal jurisdiction, and ordered Plaintiff to show cause as to how Defendant is subject to personal jurisdiction in California. (Dkt. No. 39.) Now pending before the Court is Plaintiff's response. (Dkt. No. 40.) Because Plaintiff again fails to address establish a prima facie showing of personal jurisdiction, the Court concludes it lacks personal jurisdiction of Defendant and **DISMISSES** the action without prejudice.

**DISCUSSION**

A district court "has an affirmative duty" to determine if it has personal jurisdiction over the defendant before entering a default judgment. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). And "when a court is considering whether to enter a default judgment, it may dismiss an action sua sponte for lack of personal jurisdiction." *Id.* (citations omitted). To assess whether the plaintiff has made a prima facie showing of personal jurisdiction, "[w]ell-pleaded allegations are taken as admitted on a default judgment." *Benny v. Pipes*, 799 F.2d 489, 495 (9th Cir. 1986)

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

United States District Court
Northern District of California

(citations omitted). But "a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (citations and quotations omitted). Thus, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (citations omitted).

Plaintiff now asserts this Court has specific personal jurisdiction over Defendant under Rule 4(k)(2), as applied in *Holland Am. Line Inc. v. Wärtsilä N. Am. Inc.*, 485 F.3d 450 (9th Cir. 2007) and *Lang Van, Inc. v. VNG Corp.*, 40 F.4th 1034 (9th Cir. 2022). Plaintiff also submits as "corroborating (but not independently dispositive) support, evidence of Defendant's own sworn consent to federal jurisdiction, given as part of a DMCA counter-notification under 17 U.S.C. § 512(g)(3)(D)." (Dkt. No. 40 at 2.)

Under Rule 4(k)(2), "serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if: "(1) the claim arises under federal law, (2) "the defendant is not subject to jurisdiction in any state's courts of general jurisdiction[,]" and (3) "exercising jurisdiction is consistent with the United States Constitution and laws." Fed. R. Civ. P. 4(k)(2)(A)-(B). The constitutional analysis "under Rule 4(k)(2) is nearly identical to the traditional personal jurisdiction analysis with one significant difference: rather than considering contacts between the [defendants] and the forum state, we consider contacts with the nation as a whole." *Lang Van*, 40 F.4th at 1039 (quoting *Holland Am. Line*, 485 F.3d at 462). The plaintiff has the burden of satisfying the first two prongs, but the burden shifts to the defendant as to the third prongs. *Lang Van*, 40 F.4th at 1040. Since the Court concludes Plaintiff has not met his burden under the first two prongs, it does not reach his argument under the third prong.

**A. "Arising Under" Federal Law**

"The first prong is met, as this matter clearly involves copyright infringement, which is a claim under federal law." *See Lang Van*, 40 F.4th at 1040.

**B. Whether Defendant Is Subject to Jurisdiction in any State Court**

The second Rule 4(k)(2) prong requires that the "defendant is not subject to jurisdiction in any state's courts of general jurisdiction[.]" Fed. R. Civ. P. 4(k)(2)(A). Plaintiff insists this prong

is met for two reasons. First, Defendant is domiciled in New Zealand, not registered to do business in the United States, and is therefore not subject to general jurisdiction in any state in the United States. (Dkt. No. 40 at 4.) Second, Defendant has defaulted and has therefore not made any "statement" about where he might be subject to general jurisdiction. (*Id.* at 4-5); *see Holland Am. Line Inc.*, 485 F.3d at 462 ("absent any statement from . . . [defendant] that [he] is subject to the courts of general jurisdiction in another state, the second requirement of Rule 4(k)(2) is met.")

While Plaintiff has met his burden of making a prima facie showing Defendant is not subject to ***general*** jurisdiction in any state, Rule 4(k)(2) also requires a foreign defendant to not be subject to *specific* personal jurisdiction in any state. The Rule itself states that it applies if a defendant is not subject to jurisdiction in any state, not if the defendant is not subject to ***general*** jurisdiction in any state. *See Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1159 (9th Cir. 2006) ("the defendant must not be subject to the personal jurisdiction of any state court of general jurisdiction"). In *Pebble Beach Co.*, for example, the Ninth Circuit determined the defendant was not subject to specific jurisdiction in California. *Id.* at 1157-58. It then analyzed whether there could be jurisdiction under Rule 4(k)(2), and concluded the second factor was satisfied because the defendant was not subject to personal jurisdiction of California or any state. *Id.* at 1159.

Plaintiff's OSC response itself establishes Defendant is subject to personal jurisdiction in New York. In particular, Plaintiff submits Defendant's DMCA counter-notification to Etsy responding to Etsy's November 17, 2025 takedown notice. (Dkt. No. 40-1 at 9.) Under 17 U.S.C. § 512(g)(3)(D), DMCA counter-notifications must contain a statement that subscribers with addresses outside the United States consent to jurisdiction of the federal court in "any judicial district in which the service provider may be found." 17 U.S.C. § 512(g)(3)(D). And, Plaintiff's OSC response shows that through his DMCA counter-notification, Defendant "agreed . . . I consent to the jurisdiction of Federal Court for . . . any judicial district in which Etsy is located[.]" (Dkt. No. 40-1 at 9.) Plaintiff notes Etsy's designated agent's address is located in Brooklyn, New York. (*Id.* at 13.) Defendant is therefore subject to personal jurisdiction in New York arising from his Etsy activity because he consented to jurisdiction in the Eastern District of New York, which encompasses Brooklyn. *See Epic Games, Inc. v. Mendes*, CV 17-06223-LB, 2018 WL 2926086, at

*5 (N.D. Cal. June 12, 2018) (finding the Northern District of California had personal jurisdiction over a foreign defendant because the defendant submitted a DMCA counter-notification in which he consented to the Northern District of California's jurisdiction, where the service provider YouTube was located); *Crunchyroll, Inc. v. Pledge*, No. CV 11-2334-SBA, 2014 WL 1347492, at *9 (N.D. Cal. Mar. 31, 2014) (concluding a DMCA counter-notification constitutes an "affirmative act" for purposes of establishing personal jurisdiction).

Plaintiff appears to suggest Etsy "may be found" in California within the meaning of the DMCA counter-notification by pointing to other lawsuits in the Northern District of California where Etsy was a named defendant. (Dkt. No. 40 at 9-10.) But that a California court may have had specific jurisdiction over Etsy in a particular case does not mean Etsy is "found" in that state. In any event, such argument is inconsistent with Plaintiff's insistence personal jurisdiction is appropriate under Rule 4(k)(2).

**CONCLUSION**

By Plaintiff's own admission, Defendant is subject to personal jurisdiction in New York. Accordingly, he has not satisfied the second prong of Rule 4(k)(2) requiring a defendant to not be subject to jurisdiction in any state's court of general jurisdiction. As Rule 4(k)(2) was Plaintiff's only response to the OSC, the Court **DISMISSES** this action without prejudice for lack of personal jurisdiction.

This Order disposes of Docket No. 33. The Clerk shall close the case.

**IT IS SO ORDERED.**

Dated: August 10, 2026

Jacqueline Scott Corley

JACQUELINE SCOTT CORLEY
United States District Judge